UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

04 10390 MLW

Matthew Cobb,                         )
                                      )   CIVIL ACTION
    Plaintiff,                        )
                                      )
vs.                                   )
                                      )
Board of Bar Overseers of the Supreme )
    Judicial Court of Massachusetts,  )
                                      )
Massachusetts Office of Bar Counsel,  )
                                      )
Supreme Judicial Court of Massachusetts,)
                                      )
    Defendants.                       )

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Jurisdiction

1. Jurisdiction of this action is conferred by 28 U.S.C. 1331, as the same arises under the laws of the United States of America.

Parties

2. The above captioned Plaintiff, Matthew Cobb, is a resident of the Commonwealth of Massachusetts, and is therein licensed by Defendant, The Supreme Judicial Court of Massachusetts (hereinafter the "SJC"), to practice law.

3. The above captioned Defendant, The Supreme Judicial Court of Massachusetts (hereinafter the "SJC"), means and includes

-1-

both the said Court itself as an entity and its current membership of Justices.

4. The above captioned Defendant, Board of Bar Overseers (hereinafter the "BBO"), is, according to it, an official "independent" administrative body of the Commonwealth of Massachusetts which is subject to the SJC's supervision.

5. The above captioned Defendant, Massachusetts Office of Bar Counsel (hereinafter the "OBC"), is, according to it, an "independent" administrative body of the Commonwealth of Massachusetts which is subject to the SJC's supervision.

## Standing

6. Plaintiff has already been injured in fact by Defendants' prior conduct as set forth herein, and the said conduct will ultimately impinge upon his license to practice law since, as seen below, once "formal" charges are brought by BC, guilt is assured to a statistical certainty because of the inherent and systemic bias imbedded within the system of lawyer governance currently operating in Massachusetts.

## Facts

7. For nine calendar years now, Cobb has been under a continued threat of immediate suspension of his license unless he fully complied with certain compulsory process requests

relating to three so called "investigations" initiated by the BBO, in the specific instances set forth herein.

8. The above stated circumstances relate to three separate BBO "complaints" brought against Cobb in the years 1995, 1997, and 1998, for conduct allegedly occurring in 1995, 1994, and 1998, respectively, none of which Complaints were instituted by any of his clients.

9. Although two of the above said complaints ostensibly appear to have been brought by "Bar Counsel", and despite Plaintiff's request, who brought these Complaints has never been disclosed to Cobb.

10. Among the published rules and regulations promulgated by the SJC which exclusively relate the doings of all the above said Defendants to each other with regard to lawyer governance in Massachusetts, there is no Statute of Limitations of any kind which bars the BBO and/or BC from bringing any so called "investigatory" Complaint against any lawyer, no matter its departure in time from the alleged acts giving rise to the said Complaint.

11. Nor is there any Statute of Limitations limiting the time between the bringing of any so called "investigatory" BBO complaint and the time within which BC must either bring formal charges or dispense with the matter without bringing such charges.

12. Nor is there any Statute of Limitations limiting the time between any such formal Complaint and any action by the SJC thereon.

13. Nor is there any Statute of Limitation limiting the total time that a lawyer in Massachusetts may be under any aspect of any such Complaint process.

14. The lack of Statutes of Limitations as above is facially unconstitutional in violation of the due process clause of the 14th Amendment to the United States Constitution because the quasi-criminal and otherwise compulsory setting of the said governance practices require the same.

15. The lack of Statutes of Limitations as above is unconstitutional as applied to Cobb in violation of the due process clause of the 14th Amendment to the United States Constitution because the said lack has been intentionally used against Cobb for tactical advantage in the proceeding relating to Cobb set forth herein and the same permanently prejudiced his defense of the above Complaints.

16. To date, the SJC has rejected all arguments made on federal due process grounds owing to the above said unconstitutional practice of routine and sometimes intentional delay of BBC proceedings, even rejecting such delay argument in a case where a lawyer was punished for an act some sixteen years prior.

17. The Defendants freely allow the process of "stacking" BBO Complaints towards one ultimate prosecution, whereby investigatory BBO Complaints can be pocketed for years with no action taken on them separately with action then subsequently taken on them only in tandem against the lawyer so that the Defendants can then make a so called "pattern" argument, and otherwise gain unconstitutional advantage through the undue passage of time and through the ostensibly cumulative nature of the lawyer's unproven offences.

18. Stacking as above, because it additionally allows and encourages the inclusion of legally capital charges (i.e., disbarable offenses) to prejudicially infect BBO proceedings involving otherwise non-capital or petty offences, is facially unconstitutional in violation of the due process clause of the 14th Amendment to the United States Constitution.

19. Stacking as above is also unconstitutional as applied to Cobb in violation of the due process clause of the 14th Amendment to the United States Constitution via the inclusion of a fabricated disbarable offence against Cobb to support other non-disbarable stacked claims against Cobb, and the same prejudicially infected Cobb's proceedings.

20. All federal due process "staking" arguments made before the SJC have been similarly rejected, and, to a statistical

     certainty, the SJC will continue to reject such arguments.

21. To a statistical certainty, lawyers against whom formal charges (indictment) are brought by BC, and also for which there was conducted a contested so called "hearing" before some fact finding entity designated by the BBO, **are always convicted** either at the BBO final determination level or via the SJC's review process.

22. Because conviction is thereby assured to a statistical certainty upon the mere bringing of the indictment, the entire governance system described herein is functionally corrupt, and otherwise arbitrary and capricious, since the contested "hearings" always still produce the same result, namely, guilt.

23. The statistic of **conviction rate** post contested BBO "hearings", which statistic is compiled yearly by the BBO, although the same can be gleaned in large part through a public law library review of all BBO reported decisions in which a so called "hearing" was conducted before the BBO, has been intentionally kept from the public and bar since the early 1990's at which time the BBO last represented to the SJC in writing that its then stated conviction rate (which itself was inflated through the inclusion of "hearings" involving temporary suspensions), "proved" that it only went after guilty lawyers.

24. The withholding of this information has occurred because had any lawyer actually ever known that his or her chances of successfully defending at the BBO against whatever charges were statistically zero, then this very lawsuit would have been brought years ago.

25. Lawyers and the Public no less are naturally caused to believe that if there is a "hearing", let alone an evidentiary hearing, before an objective fact finder as to whatever has been alleged against the lawyer, then justice will be served.

26. Due Process however can never just be ostensible and still comport with the 14th Amendment to the United States Constitution.

27. The public interests are served only by allowing however distasteful lawyers to uncover unethical practices done by lawyers or even the odd judge, and are not served by creating a system of only ostensible due process in which lawyers who spoke out against the system's esteemed members are castigated as was Cobb under the pretense of protecting the public from **them**.

28. The fact that, to a statistical certainty, all lawyer indictments in this Commonwealth by BC always result in a finding of guilt evidences a functionally corrupt system wherein the results (guilt) cannot be related - through a

regression analysis or other acceptable scientific means - to whatever evidence was presented at the hearings because the hearings all have the same result upon any evidence.

29. The system **through its results alone** as above is facially unconstitutional in violation of the 14th amendment since a fair, non-biased, non-predetermined hearing can never be reasonably inferred from a system which always convicts, and, therefore, conviction in this illegal system is solely a function of whether an indictment is brought.

30. A fair trial is at the core of the due process clause of the 14th Amendment and the lack of the same makes irrelevant the entire Bill of Rights, including a lawyer's 1st Amendment right to speak on matters of public concern, as Cobb did, and not to be retaliated against therefore, as Cobb was.

31. The above systemwide results (statistics) themselves portend an even larger problem which is the free allowance of bad faith and/or arbitrary and capricious prosecutions, since **all** charges brought by BC, however motivated or however arbitrary, will, through either undue delay, stacking, systematic rejection of constitutional arguments by the SJC, or through systemic bias, result in a guilt finding.

32. The clear collusion between BC and the BBO, to and including the overt sharing of resources, office space, administrative staff, hearing transcripts which are shared among them but

not with the accused lawyer, and through the fact that whatever charges BC brings are, to a statistical certainty, upheld by the BBO, is evidence of systemic bias which directly contributes to the non-existent acquittal rate.

33. The three "complaints" prosecuted against Cobb were done so in bad faith, and were otherwise arbitrary and capricious and were motivated by Cobb's speech on mattes of public concern.

34. As to evidence of bad faith against Cobb, BC /BBO knowingly fabricated evidence, economically coerced a well satisfied ex-client of Cobb's to lie under oath, intentionally misrepresented facts to the "hearing" committee, caused a otherwise reputable lawyer to come and testify to absurd legal conclusions which any first year law student would be failed for, violated Cobb's right to privacy by telling Cobb's ex-client during an "investigation" that "Cobb was going to be suspended because of a big case against him" when that information – apart from what it inferred – was highly confidential, simultaneously told the same then economically strapped client that Cobb stole their money and that BC could get it back in an effort to have them testify falsely on a fabricated disbarrable offense, used a glaring double standard at the so called "hearing" wherein Cobb was prevented from calling witnesses for the exact reasons which

       BC was **granted** permission to call its witnesses.

35. The hearing results against Cobb were biased, and otherwise predetermined from the outset, as are the rest of the hearings before the BBO.

36. The "legal conclusions" by the BC / BBO as against Cobb are likewise unconstitutional in violation of the First and Fourteenth Amendments. Cobb is today prosecuted because he was sanctioned for an argument of law he made in 1994, which argument has later through jurisprudence been shown to be dead on, and the same evidences how the rule of "prejudicial to the administration of justice" is here unconstitutionally vague when it is applied to areas of either protected speech and/or to disciplining a lawyer for making an argument which clearly is legally supported.

37. The sole motivation behind the Cobb prosecution is illegal in that it is to retaliate against Cobb for his speech on a matter of public concern through his calling into question the then reasonable inferable bias of a judicial officer in 1994, and through his reporting of a highly questionable non-judicial act committed by a judicial officer in 1995.

38. In 1994, Cobb had accused – in Court papers seeking a reversal of her rulings – a state court judge of bias and undue influence, but only after she had: allowed and encouraged an **ex parte** communication with the defense in a

mater by agreeing to take another judge's (session) case without the knowledge nor participation of Cobb or his client; never disclosed (as was required) the same to either Cobb or his then present client on the record; allowed and encouraged an attorney to knowingly commit unethical acts with her full knowledge; then rewarded that same lawyer with sanctions as against Cobb, even though that lawyer flatly disobeyed her instructions in computing for her the requested sanction amount.

## Count I
## 42 USC 1983

39. The Plaintiff adopts by reference all within allegations, and further alleges:
40. The above said conduct constitutes a deprivation of Cobb's constitutionally protected rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution.
41. The actions of Defendants were fairly attributable to the State because the deprivation of Cobb's constitutionally protected rights were caused by the exercise of some right or privilege created by the state, by a rule of conduct imposed by the state, or by a person for whom the state is

responsible; and because all Defendants acted together with or obtained significant aid from state officials, or because their conduct was otherwise chargeable to the state.

42. Additionally, the Defendants were otherwise acting under color of state law for the purposes of 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff, Matthew Cobb, demands judgment against the Defendants as follows:

a)  A Declaratory Judgment that the present system of lawyer governance, to and including the BBO hearing process, is unconstitutional, since the Defendants cannot show that the system can produce fair results;

b)  An injunction barring any further prosecution of any pending Cobb matter;

c)  such other relief as the Court deems fit.

                    Respectfully submitted,

                    _____
                    Matthew Cobb
                    Law Office of Matthew Cobb
                    101 Tremont Street
                    Boston, Massachusetts  02108
                    (617) 357-7300