UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW COBB, ESQ., <br><br> Plaintiff, <br> v. <br><br> THE SUPREME JUDICIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS, <br><br> Defendants. | CIVIL ACTION <br> NO. 04-10390-MLW |

## MOTION TO DISMISS AND SUPPORTING MEMORANDUM

By this action, Plaintiff--an attorney representing himself in this action--challenges various procedures relating to a Petition of Discipline filed by the Massachusetts Bar Counsel that is currently pending before a Single Justice of the Massachusetts Supreme Judicial Court for Suffolk County. The crux of the complaint is Plaintiff's claim that the lack of a statute of limitations for Massachusetts bar-disciplinary proceedings is unconstitutional on its face and as applied to Cobb because the passage of time deprived him of grounds of defense and also permitted the "stacking" of multiple counts of alleged misconduct. (Amended Compl. at 13-19.) Plaintiff seeks only declaratory and injunctive relief against the Justices of the Supreme Judicial Court in their official capacities. This Court should dismiss this action because Younger abstention requires dismissal given the pending state-court judicial proceeding, which provides for judicial review by the full Supreme Judicial Court (including federal law claims that might be

raised by Plaintiff).[1]

## BACKGROUND

**I.    GENERAL OVERVIEW OF THE BBO DISCIPLINARY PROCEDURE.**

The Massachusetts Supreme Judicial Court established the BBO and Office of the Bar Counsel in 1974 as independent administrative bodies to investigate and evaluate complaints against lawyers. Mass. S.J.C. Rule 4:01, effective September 1, 1974, 365 Mass. 696 (1974). They were created "in accordance with [the Supreme Judicial Court's] power to supervise the conduct of attorneys, and the board exists as the disciplinary arm of [the Supreme Judicial Court]." Binns v. Board of Bar Overseers, 369 Mass. 956 (1976).

Formal disciplinary proceedings are instituted by the Bar Counsel's "filing a petition for discipline with the [BBO] setting forth specific charges of alleged misconduct." Mass. S.J.C. Rule 4:01, § 8(3). Following notice to the respondent-attorney and the opportunity to answer the petition for discipline, a hearing is scheduled before "an appropriate hearing committee, [] a special hearing officer, or [] the [BBO] or a panel of the [BBO]." Id.

After the hearing, a report containing proposed findings of fact, conclusions of law, and recommendations is filed with the BBO. Id., § 8(4). The BBO then reviews the report and determines what, if any, discipline should be imposed. Id. An information is filed with the Supreme Judicial Court for Suffolk County ("the Single Justice"), "whenever it shall determine that the matter should be concluded by suspension or disbarment, whenever either the bar counsel or the respondent-lawyer objects to having the matter concluded by admonition or by

---

[1] The First Circuit has concluded that Younger abstention requires dismissal of the complaint, Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 785 & n.17 (1st Cir. 1990), where, as here, a plaintiff does not seek monetary damages.

public reprimand . . . and whenever the bar counsel objects to having the matter concluded by dismissal . . . ." Id.

When the information is filed with the Single Justice, the action is entered on the Bar Docket, see The Supreme Judicial Court for Suffolk County's Guide to Practice and Procedure before the Single Justice (http://www.sjccountyclerk.com/singjusprpr.html), and is considered in accordance with the general procedures set forth in Rule 2, which set forth the general procedures for actions before the Single Justice, and the standard of review set forth in Rule 4:01, § 8(4).[2] The final judgment of the Single Justice in the matter is then appealable to the full Court. Mass. G.L. c. 231, § 114; see generally Matter of Foley, 439 Mass. 324, 333 (2003) (describing procedural steps from BBO disposition to full court and setting forth standard of review before the full Court).

## II.  AMENDED COMPLAINT'S RELEVANT FACTUAL ALLEGATIONS.

Plaintiff is the subject of an ongoing state-court bar-disciplinary proceeding, which is currently pending before a Single Justice. (Amended Compl. at 20.) The bar-disciplinary proceedings relates to conduct arising from "informal complaints brought against Cobb in the years 1995, 1997, and 1998 . . . ." (Amended Compl. at 12.)

---

[2] Rule 4:01, § 8(4) provides that "[t]he subsidiary facts found by the [BBO] and contained in its report filed with the information shall be upheld if supported by substantial evidence, upon consideration of the record, or such portions as may be cited by the parties."

## ARGUMENT

**THE COURT SHOULD ABSTAIN IN FAVOR OF THE PENDING STATE COURT PROCEEDING.**

This Court should abstain from exercising jurisdiction on the grounds of federalism and comity stated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), as made expressly applicable to attorney disciplinary proceedings in <u>Middlesex County Ethics Committee v. Garden State Bar Association</u>, 457 U.S. 423 (1982). <u>Younger</u> requires that federal courts not interfere with ongoing state proceedings when: (1) the state proceedings are judicial in nature; (2) the proceedings implicate important state interests; (3) they provide an adequate opportunity to raise federal claims. <u>Bettencourt v. Board of Registration in Medicine</u>, 904 F.2d 772, 776-77 (1st Cir. 1990).

<u>Younger</u> requires dismissal of this case. First, there is an ongoing state-bar disciplinary action that is "judicial in nature." Plaintiff's case is now pending before the Single Justice. The proceeding is indisputably "judicial in nature," and the Plaintiff does not contest this point. (<u>See</u> Plaintiff's Verified Brief at 17-18.)

Second, the issues at stake in the state disciplinary proceeding implicate important state interests. Massachusetts's "extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses" suffices for purposes determining whether <u>Younger</u> abstention applies. <u>Middlesex Ethics Comm.</u>, 457 Mass. at 434-35. Again, Plaintiff does not contest this point. (<u>See</u> Plaintiff's Verified Brief at 17-18.)

Third, the state disciplinary proceeding affords Plaintiff an adequate opportunity to raise his federal claims. See <u>Middlesex Ethics Comm.</u>, 457 U.S. at 435-36 (abstention required so

long as Plaintiff can raise federal constitutional issues in state proceeding); Bettencourt, 904 F.2d at 778 & n.8 (an adequate opportunity exists unless state court proceeding deprives litigant from raising federal claims, regardless of whether those claims were actually raised). The BBO's recommendations regarding a disciplinary sanction may be appealed to a Single Justice of the Supreme Judicial Court and in turn the decision of the single justice may be appealed to the full Supreme Judicial Court. See e.g., Matter of Foley, 439 Mass. 324, 333 (2003). The full court "review[s] the single justice's decision to determine whether it is supported by sufficient evidence, free from errors of law, and free from any abuse of discretion." Matter of McIntyre, 426 Mass. 1012, 1014 (1998). The "free-from-error-of-law" prong includes federal-law issues properly raised and preserved by an appealing party. See e.g., Matter of Kenney, 399 Mass. 431 (1987)(addressing attorney's claim that his Fifth and Fourteenth Amendment rights were violated). Additionally, "[i]t cannot be doubted that the courts of the Commonwealth . . . will give federal constitutional issues . . . the closest scrutiny." Brotherhood of Locomotive Engineers v. Massachusetts Commission Against Discrimination, 695 F. Supp. 1321, 1323 (D. Mass. 1988).

Finally, to the extent that Plaintiff attempts to raise issues regarding "bad faith, harassment, or any other unusual circumstance," Bettencourt, 904 F.2d at 779, in the state disciplinary proceeding, Plaintiff's allegations cannot reasonably be construed to meet this very narrow and demanding exception to Younger abstention. See generally United Books, Inc. v. Conte, 739 F.2d 30, 34 (1st Cir. 1984)(emphasizing the narrowness and rigor of the exception to Younger abstention); Wightman v. Texas Supreme Court, 84 F.3d 188, 190 ("[t]he bad faith exception is narrow and is to be granted parsimoniously"). Such claims of bad faith or illegal

motive "must be pleaded by alleging specific non-conclusory facts from which such a motive may reasonably be inferred, not merely by generalized asseveration alone." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998); see also Bettencourt, 904 F.2d at 780 n.10 (noting specificity of allegations that must be made to support a claim of actual bias by an administrative hearing board).  Here, the most specific allegations forwarded by Plaintiff in support of his claim of bad-faith prosecution, see Amended Compl. ¶¶ 31-35, as well as his other more generalized and conclusory allegations of bad faith fall short of the needed specific allegations to avoid Younger abstention.  Not only are the allegations deficient because they allege only a generic conspiracy between the Bar Counsel and the BBO to punish Plaintiff for what he self-servingly characterizes as an unsubstantiated theft charge (see Amended Compl., ¶ 22), but the allegations are made against Bar Counsel and the BBO, both of whom are not parties in this action. (See Amended Compl. ¶ 4 (stating that Bar Counsel and BBO are "non-parties")).[3]

---

[3] Rather, Plaintiff relies on an agency theory against the Justices of the SJC in their official capacities to support his Section 1983 claim.  As a general rule, in section 1983 litigation, the liability of a public employer or a supervising official–as appears to be Plaintiff's theory here–cannot be predicated on a theory of respondent superior.  Polk County v. Dodson, 454 U.S. 312, 325-26 (1981); Monnel v. Department of Social Servs., 436 U.S. 658, 694 (1978).  Only under very narrow circumstances–not present here–may a supervisor be held responsible for the acts of a subordinate.

The First Circuit has adopted a stringent standard for proving supervisory liability.  Negligence is inadequate to establish supervisory liability.  Febus-Rodriguez v. Betancourt-Lebron, 14 F.3d 87, 91-92 (1st Cir. 1994).  Rather the plaintiff must show that the supervisor acted with deliberate indifference, in addition to a causation requirement linking the supervisor's conduct to the subordinate's violative conduct.  Maldonado-Denis v. Castillo-Rodriquez, 23 F.3d 576, 582 (1st Cir. 1994); Febus-Rodriquez, 14 F.3d at 92 (supervisor's acts or omissions must amount to the reckless or callous indifference to the constitutional rights of others; i.e., that it would be manifest to any reasonable official that his conduct has very likely to violate an individual's constitutional rights).  Plaintiff cannot meet this standard here for several reasons.

First, the Supreme Judicial Court does not directly supervise the Bar Counsel or the BBO; both are independent administrative bodies the were created by the court.  Hence, the Justices of the Supreme Judicial Court are not supervisors for section 1983 purposes.

**CONCLUSION**

For the reasons set forth above, this Court should dismiss the Complaint and order that judgment enter for the defendants.[4]

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____/s/_____
John R. Hitt, BBO #567235
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200, ext. 2995

Dated: May 4, 2004

**LOCAL RULE 7.1 CERTIFICATION**

Plaintiff brings this action pro se and, therefore, undersigned counsel cannot certify that he has conferred with "counsel" for Plaintiff in a good faith attempt to resolve or narrow these issues. Looking to Local Rule 16.2 for guidance, undersigned counsel concludes that unless otherwise ordered by the Court, rule 7.1(A)(2) is inapplicable here.

_____/s/_____
John R. Hitt
Assistant Attorney General

Date: May 4, 2004

---

Second, even if they were considered to be supervisors for section 1983 purposes (and they are not), Plaintiff cannot show "deliberate indifference" or causation, and he is set forth no allegations in his verified complaint that even come close.

[4] Even if the Complaint could somehow be construed as also seeking monetary damages, dismissal would still be required. Principles of sovereign immunity under the Eleventh Amendment would bar claims for damages against the state officials in the official capacities. Principles of judicial and quasi-judicial immunity would shield defendants from damages claims in any capacity.