UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

Matthew Cobb,                                    )
                                                 )   CIVIL ACTION
                                                 )
     Plaintiff,                                  )
                                                 )   04   10390   MLW
vs.                                              )
                                                 )
Supreme Judicial Court of the Commonwealth of    )
 Massachusetts by and through its                )
 individual members in their respective          )
 Official capacities, Honorable Margaret H.      )
 Marshall, C.J., John M. Greaney, J., Francis    )
 X. Spina, J., Martha B. Sosman, J., Roderick    )
 L. Ireland, J., Judith A. Cowin, J., and        )
 Robert J. Cordy, J.                             )


PLAINTIFF'S MOTION FOR LEAVE
TO REPLY TO DEFENDANTS' PRELIMINARY INJUNCTION OPPOSITION [1]

　　Now comes the Plaintiff, Matthew Cobb, and, pursuant to Local Rule 7.1(B)(3), requests leave to file a Reply Brief Re: Defendants' Preliminary Injunction Opposition. The said Reply Brief is submitted herewith. In support hereof, Plaintiff respectfully states that:

1)   Several issues raised in Defendants' Opposition were not addressed in the Plaintiff's Motion, and need clarification so that this Court might more properly effect,

2)   the just, speedy, and inexpensive determination of this action. F.R.Civ.P. 1.

---

Fn 1 - **Plaintiff has not yet filed a Motion for Preliminary Injunction, rather, he has filed a Motion for Temporary Restraining Order.**

Wherefore, the Plaintiff, Matthew Cobb, respectfully asks that the within Motion be Allowed.

Respectfully submitted,

_____
Matthew Cobb
Law Office of Matthew Cobb
101 Tremont Street
Boston, Massachusetts  02108
(617) 357-7300

L.R. 7.1

I, Matthew Cobb, contacted or attempted to contact Mr. John Hitt, attorney for the government, to discuss the filing of this motion, ~~and in an attempt to gain an assent therefore.~~

_____

UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Matthew Cobb, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Supreme Judicial Court of the Commonwealth of)<br>  Massachusetts by and through its )<br>  individual members in their respective )<br>  Official capacities, Honorable Margaret H. )<br>  Marshall, C.J., John M. Greaney, J., Francis)<br>  X. Spina, J., Martha B. Sosman, J., Roderick)<br>  L. Ireland, J., Judith A. Cowin, J., and )<br>  Robert J. Cordy, J. ) | CIVIL ACTION<br><br>04  10390  MLW |

PLAINTIFF'S REPLY BRIEF
RE: DEFENDANTS' PRELIMINARY INJUNCTION OPPOSITION [1]

   Now comes the Plaintiff, Matthew Cobb, and, for his Reply to Defendants' Preliminary Injunction Opposition, respectfully submits that:

   Cobb has filed a Motion/Brief re: Temporary Restraining Order / Order of Notice for Preliminary Injunction, but has not yet filed any Brief in support of Preliminary Injunction. To the extent that this Court in its broad discretion schedules an evidentiary hearing on Preliminary Injunction, Cobb will file and serve such a Brief as soon as practicable thereafter. And while both such Motions in Equity primarily revolve around preserving

---

Fn 1 - Plaintiff has not yet filed a Motion/ Brief Re: Preliminary Injunction, rather, he has filed a Motion/Brief re: Temporary Restraining Order.

the status quo and likelihood of success on the merits, there are some meaningful differences between the two.

The most obvious difference between them is that the TRO requested seeks to prevent an immediate and imminent threat of irreparable injury. It's purpose is in no small part to **temporarily** freeze the legal rights and obligations between the Parties (maintain the *status quo*) for a short period of time sufficient to allow the Parties and the Court to prepare for and conduct a hearing on Preliminary Injunction. Cobb made an Offer to the Defendants to enter into an agreement to do the same until such time that this Curt could set down a hearing on Preliminary Injunction so as to avoid this very hearing, but the Defendants refused.

At such a hearing on Preliminary Injunction, a more thorough presentation of the evidence regarding both **Abstention** (i.e., the lack of adequate opportunity to present federal issues before the SJC both generally and specifically as to Cobb, and the bad faith notions of lack of fair trial, prosecutorial misconduct, harassment/ punishment for content driven speech, judicial bias, or other reasons primarily relating to procedural due process like undue intentional pre-indictment delay and faulty indictment, under Younger) and **likelihood of success on the merits** is in order. In this action, as in any action where Abstention rises to the fore, there is substantial overlap

between these two notions, as the bad faith showing relevant to Younger Abstention is also quite indicative of Cobb's likelihood of success on the merits on many of his substantive claims.

That said, the notion that Monell principals control this case as argued by the state is wrong. This case is not against a municipality under § 1983, which the Supreme Court there allowed in a federal Court under limited conditions. If Monell did have any bearing here, then we could treat the SJC, the BBO, and the OBC, all as entity Parties, and we would view their conduct under a typical Monell analysis focusing on deliberate indifference, custom, policy, and moving force. See Gonsalves v. City of New Bedford, 939 F. Supp. 915 (D.MA.1996), FN 3. Rather, this is an action brought under the principal of Ex Parte Young, 209 U.S. 123 (1908), for prospective injunctive relief against government Officials solely in their capacity as such.

The state argues on the one hand that the non-inclusion of the BBO and OBC is somehow fatal to Cobb's claims, see its Motion to Dismiss at p. 6, yet it certainly already knows that the BBO and the OBC (as institutional Defendants created by legislative act of the SJC like the IOLTA Committee was) are not considered proper parties here under the 11th Amendment to the United States Constitution. See the related Citizens for the Preservation of Constitutional Rights v. SJC matter, No. 02-10125, MLW, wherein the SJC there acquiesced that the said IOLTA Committee for the

same reason was not a proper Party under <u>Pennhurst v. State School & Hospital v. Halderman</u>, 465 U.S. 89 (1984).

What we are really looking at here is whether the SJC may on the one hand through Legislative Act create the BBO and the OBC to aid it in effecting its sole and unquestioned authority to regulate the practice of law, while on the other hand, then turn a blind eye to either or both the specific or general practices of those entities, then claiming that the victim must prove "vicarious liability". While it is true that a state judiciary may unquestionably delegate these functions to the BBO /OBC which inherently and exclusively belonging to it, it cannot thereby lay claim to any level whatsoever of non-responsibility for their doings. And the reason is quite simple in the Law, namely, that they are all one in the same.

In <u>Middlesex Co. Ethics Committee v. Garden State Bar Association</u>, 457 U.S. 423, 433-34 (1982), the Court held that:

**The New Jersey Supreme Court has made clear that filing a complaint with the local Ethics and Grievance Committee "is in effect a filing with the Supreme Court . . . ."** Toft v. Ketchum, 18 N. J. 280, 284, 113 A. 2d 671, 674, cert. denied, 350 U.S. 887 (1955). "From the very beginning a disciplinary proceeding is judicial in nature, initiated by filing a complaint with an ethics and grievance committee." n12 18 N. J., at 284, 113 A. 2d, at 674. It is clear beyond doubt that the New Jersey Supreme Court considers its bar disciplinary proceedings as "judicial in nature." n13.  As such, the proceedings are of a character to warrant federal-court deference.  The remaining inquiries are whether important state interests are implicated so as to warrant federal-court abstention and whether the federal plaintiff has an adequate opportunity to present the federal challenge.

n11 See M. Shoaf, State Disciplinary Enforcement Systems Structural Survey (ABA National Center for Professional Responsibility 1980).

The New Jersey allocation of responsibility is consistent with § 2.1 of the ABA Standards for Lawyer Discipline and Disability Proceedings (Proposed Draft 1978), which states that the "[ultimate] and exclusive responsibility within a state for the structure and administration of the lawyer discipline and disability system and the disposition of individual cases is within the inherent power of the highest court of the state."

The rationale for vesting responsibility with the judiciary is that the practice of law "is so directly connected and bound up with the exercise of judicial power and the administration of justice that the right to define and regulate it naturally and logically belongs to the judicial department." Id., commentary to § 2.1.

**With every right in the Law, there is always a responsibility.** If Middlesex stands for anything, it is that whatever proper and fitting cloak is thrown over the ways that a state judiciary may regulate the practice of law - by creating entities or even by farming out the fact finding determination to existing bodies wholly without the Judicial function - the fact remains that the judiciary and only the judiciary is responsible for this function. The buck stops at the SJC.

The above is not vicarious responsibility, rather, it the recognition that the OBC and BBO's acts are the acts of the SJC *ipso facto*. What Cobb therefore asks for here is enjoinment of the SJC as captioned to prevent it from sustaining wholly unconstitutional doings by a thing or things it created and for

which it is 100% responsible, because under <u>Middlesex</u>, they are as a matter of law the acts of the SJC itself.

Moreover, and as to the non-inclusion of BBO Committee Members themselves as Parties hereto in their Official Capacities, there is no statutory authority or otherwise for them to do anything which could undo their recent adoption of the doings of the "hearing committee" and the "Appeal panel" of the BBO. If Cobb **had** included them no doubt would the state then claim that **they** were not vicariously liable for the doings of **their** underlings so to speak at the "hearing committee" and the "Appeal panel" levels.

More importantly, it is here material to bad faith that the BBO itself was given a last, clear, unequivocal opportunity to belatedly withdraw the false name destroying theft charge which it knew to be false, or that Cobb would take this action. Little doubt that had Cobb sought to enjoin these BBO members prior to their recent actions, he would be met with the same argument as here, namely, that Cobb simply did not give them a chance to act just like he has allegedly not given the SJC a chance to act. Under <u>Middlesex</u>, since the entire proceedings stem to stern are "judicial" then all of the exact same <u>Younger</u> considerations came into play anyway from the outset and it is irrelevant therefore when the federal action moves in, except as to likelihood of success on the merits of the BBO well knowing and refusing to

subtract a false theft claim which Cobb reasonably believed it could do, even when they were alerted that the same rode upon a BC'c / BBO "hearing committee" or "appeal panel" "finding" of a supposed state court hearing which never even occurred and for which the record was bereft of evidence wise.

Cobb would not filed this case if only his practice was destroyed which has occurred even without the withdrawal of the theft charge, as that practice has wound down for the last 39 months. He is here to save the unconscionable complete and utter destruction of his reputation by **the state judiciary** to punish him for criticizing **those within the judiciary**, a right protected under the First Amendment to the U.S. Constitution as briefed. If Landmark, Gentile, and Butterworth, all cited in Cobb's Moving Brief, stand for anything, it is that no public official, particularly a judge or a lawyer as officer of the court, attains any preferred status whatsoever from truth based public criticism that their deeds were prejudicial to the administration of justice, **and that** hiding these deeds or shooting the messenger who reports them is AMOL prejudicial to the fair administration of Justice.  All Cobb did for which he now stands on the precipice of disbarment by the state was to do what he was taught to do all his life and in law school to do, namely, stand up for your rights under the constitution even when it hurts to stand.

The above is not to say however that vicarious liability is

not a valid theory, but the question here given <u>Middlesex</u> seems more of semantics than substance. In the event that there is some technical deficiency in the structure of the necessary Parties in this action as it stands so as to make such requested relief improper, this Court has - particularly under the Rule 12 analysis for which the state has here challenged the Plaintiff - the discretion to allow Amendment to the Pleadings therefore as Justice requires.

The additional notion that Cobb has not adequately plead bad faith is wrong. He clearly has under a Rule 12 analysis, and even if he has not, this Court may also allow as the ends of Justice so require an Amendment even in this regard if the same could cure, which it obviously could if that were the case, as a simple read of the Brief in Support of the TRO would indicate.

Again, Abstention ought to be considered on a full record, as should the preliminary injunction. It is noteworthy that in Dombrowski, Younger, and Middlesex, all cited in Cobb's primary Brief, all revolved around the interpretation of state law in a constitutional sense. That is not the case here at all, and much of the basis for Abstention therefore falls away.

                                      Respectfully submitted,

                                        _____
                                        Matthew Cobb
                                        Law Office of Matthew Cobb
                                        101 Tremont Street
                                        Boston, Massachusetts  02108
                                        (617) 357-7300

                                   L.R. 7.1

I, Matthew Cobb, contacted or attempted to contact Mr. John Hitt, attorney for the government, to discuss the filing of this motion, ~~and in an attempt to gain an assent therefore.~~