UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-10390-MLW

MATTHEW COBB, ESQ.,

    Plaintiff,

v.

THE SUPREME JUDICIAL COURT OF
THE COMMONWEALTH OF
MASSACHUSETTS,

    Defendants.

### DEFENDANTS' PROPOSED SCHEDULE

Pursuant to the Court's Order of May 5, 2004, Defendants submit the following proposed schedule. On August 12, 2004, the parties conferred regarding scheduling, but were unable to reach agreement regarding a proposed schedule for resolving the Plaintiffs' motion for a preliminary injunction and Defendants' motion to dismiss. Accordingly, Defendants propose the following schedule:

1.    *Plaintiff's Renewed Motion for a Temporary Restraining Order*: Except to request that a hearing on Plaintiff's renewed motion not be scheduled for August 24, 2004 or August 26, 2004, Defendants take no position on the scheduling of a hearing, if any, on Plaintiff's renewed motion. Defendants, however, note that to date, Plaintiff has not filed an appeal of the Single Justice order of August 2, 2004, nor has Plaintiff requested a stay of the Single Justice order.

Defendants would oppose Plaintiff's request that a preliminary injunction hearing be consolidated with a hearing on the merits, since Defendants have pending before this Court a motion to dismiss the action, which should be resolved before reaching the merits of Plaintiffs'

free speech claim.

2.     *Defendants' Motion to Dismiss*: Defendants request that this Court lift the stay in this action and rule on Defendants' motion to dismiss. Defendants do not agree that an evidentiary hearing is required before this Court can rule on the motion to dismiss. The First Circuit's decision in <u>Bettencourt v. Board of Registration of Medicine</u>, clearly provides that a claim based on the "unusual circumstances" exception to <u>Younger</u> abstention should be dismissed when it is raised in the context of review of state administrative proceedings and the plaintiff does not raise it until <u>after</u> state judicial review has been instituted. 904 F.2d 772, 779-80 (1st Cir. 1990). In other words, for Plaintiff's bad-faith claim to have even been entertainable by this Court, Plaintiff must have raised the claim in this Court while the state administrative action was still pending and before state judicial proceedings had been instituted. He did not. Hence, an evidentiary hearing is not required to resolve the motion to dismiss.

          Respectfully submitted,

          THOMAS F. REILLY
          ATTORNEY GENERAL


          _____/s/_____
          John R. Hitt, BBO #567235
          Assistant Attorney General
          Government Bureau
          One Ashburton Place, Room 2019
          Boston, MA 02108
          (617) 727-2200, ext. 2995

Dated: August 17, 2004