UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Matthew Cobb, | ) |
|     Plaintiff, | ) CIVIL ACTION |
| vs. | ) 04  10390  MLW |
| Honorable Margaret H. Marshall, et al., | ) |
|     Defendants. | ) |

### PLAINTIFF'S PROPOSED SCHEDULE

Now comes the Plaintiff, Matthew Cobb, and, pursuant to this Court's Order of May 5, 2004, respectfully submits his Proposed Schedule as follows. A copy of the May 5 Order is attached hereto.

**Plaintiff's Proposed Schedule, Generally**

It would make sense to consolidate, pursuant to F.R.Civ.P. 65(a)(2), the Motion for Preliminary Injunction with trial on the merits. Trial should occur before any final ruling from the Massachusetts Supreme Judicial Court occurs. As it stands, Cobb will file an appeal to the August 2, 2004 Single Justice's Order on or before September 1, 2004. And while the filing of such appeal may cause the full SJC's Ruling to be pushed out in time somewhat, there does not appear to be any guarantee whatsoever that the SJC cannot summarily adopt Justice Greaney's Ruling immediately after Plaintiff has appealed to it. This certainly

therefore raises the issue of whether and when the Court might hear Plaintiff's renewed motion for TRO which was filed to forestall the September 1, 2004 effective date for disbarment, so that the Parties may maintain the *status quo* while preparing for the trial without the threat that a full SJC ruling could irreparably affect the same.

**Pending Motions and Plaintiff's Position as to them:**

Both counsel here believe that the Court on May 5, 2004 indicated that it would need a record to properly determine **Defendants' Motion to Dismiss.** As such, it seems that the same was to be considered more like a Motion for Summary Judgment. Since the issue is essentially the Younger "bad faith" exceptions, Plaintiff has no objection to such a process. Certainly he could not argue with Dismissal if, post evidentiary hearing, he had not presented a preponderance of evidence as to the Younger "bad faith" exceptions.

Next, is **Plaintiff's Motion for Preliminary Injunction,** previously discussed at the May 5, 2004 hearing. Although then styled as a Motion for TRO, the Court has treated it as a Motion for Preliminary Injunction. Below summarized is the expedited discovery which Plaintiff would need in advance of the (assumed consolidated as above) trial. Plaintiff would like to schedule this trial as soon as reasonably possible. In Plaintiff's view, neither depositions nor Interrogatories would be necessary,

rather, discovery should exclusively involve document production.

Last, there is **Plaintiff's Renewed Motion for TRO**, filed August 9, 2004. Plaintiff would respectfully urge the Court to hear the said Motion during the week of August 23, 2004 (except for Monday, as Plaintiff has a critical commitment elsewhere that day). Defense counsel has indicated to Cobb that he would like the normal response time to the said motion, and there of course is no objection to that (i.e., August 23).

The allowance of the TRO would eliminate the need for the State to again waive any so called Rooker-Feldman based abstention arguments (which might otherwise arise if the SJC were to act ahead of this Court's ultimate ruling) and thus assist the Court in setting down an appropriate trial schedule without this intervening concern. Cobb will not file his appeal from the Single Justice's Order until he has some indication from this Court - by way of the TRO or consent decree - as to whether any short term injunctive relief is available. Otherwise his "appeal" would arguably give the SJC jurisdiction to act, and it could do so immediately **even if** this Court were to have temporarily enjoined the enforcement of Justice Greaney's Order of August 2, 2004. Such TRO allowance would have no bearing whatsoever on this Court's ultimate determination post evidence. Please see case law presented relative to this notion of preserving the status quo, as set forth in Cobb's previously filed Brief re:

TRO, pp. 7-10.

Regarding the TRO, in light of ten years of delays for no good reason, the State loses any balancing of the equities that Cobb must be disbarred, now. Rather, equity says that the so called facts of "theft" - the undeniably admitted time and again sole "disbarment" charge - should for the first time ever be drug out into the light of day to expose the sham that they are before destroying a man's reputation and career based upon thin air. This is particularly true given what the Defendants', on May 5, 2004, then represented to the Court so as to then avert a TRO. Namely, that this substantive due process (i.e., that it shocks the conscience to have such an insatiable blood lust for disbarment when the State has known for years that it lacks even a prima facie conversion case) and the other host of federal issues Cobb had raised in detail at that time (albeit in a Brief) would be fairly addressed by the Single Justice. Whatever can be said about the Single Justice's analysis regarding the conversion charge, it certainly was not comprehensive, nor did it remotely address the element by element analysis Cobb had detailed in the above said Brief to show beyond doubt that there is no conceivable basis for conversion. The same Opinion also wholly ignored all of Cobb's "safe harbor" and First Amendment arguments implicated in reporting prima facie misconduct. Except for the binding admissions made therein (as detailed in the **Plaintiff's**

**Renewed Motion for TRO)**, the said Opinion is irrelevant to this matter both on its substance and on account of the existing Rooker-Feldman waiver.

**Plaintiff's Proposed Discovery**

Expedited Document requests (or via subpoenas to non-parties) to be propounded immediately after the Parties can confer with the Court regarding scheduling. It is a lock that both the Defendants and other entities from whom these documents have been / will be requested will Object, and thus force a round of motions to compel / enforce these subpoenas both as to documents and persons. Cobb will be prepared at the next hearing to present argument to the Court as to the necessity of each and every such document request.

**Plaintiff's Proposed Trial Schedule and Final Pretrial Conference**

Plaintiff will be prepared on short notice to proceed to trial, and can also upon short notice contribute as necessary to a Joint Pretrial Memorandum of a form suitable to the Court.

Respectfully submitted,

*/s/ Matthew Cobb*

Matthew Cobb
101 Tremont Street
Boston, Massachusetts  02108
(617) 357-7300

*Mailed this 12th day August to counsel for ∆'s*
*MC*

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

MATTHEW COBB,                    )
    Plaintiff,                   )
                                 )
    v.                           )    C.A. No. 04-10390-MLW
                                 )
MARGARET H. MARSHALL, et al.,    )
    Defendants.                  )

## ORDER

WOLF, D.J.                                              May 5, 2004

For the reasons described in court on May 5, 2004, it is hereby ORDERED that:

1. Plaintiff Matthew Cobb's Motion for a Preliminary Injunction barring the single justice session of the Supreme Judicial Court from conducting the hearing scheduled for May 6, 2004 (Docket No. 5) is DENIED.

2. This case is STAYED pending the ruling of the single justice session of the Supreme Judicial Court.

3. The parties shall, within fourteen days of the ruling by the single justice session of the Supreme Judicial Court, confer and submit a proposed schedule for the resolution of the plaintiff's motion for a preliminary injunction and the defendants' motion to dismiss.

                                                        /s/ Mark L. Wolf
                                         UNITED STATES DISTRICT JUDGE