```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

MATTHEW COBB,                  )
     Plaintiff,                )
                               )
          v.                   )    C.A. No. 04-10390-MLW
                               )
SUPREME JUDICIAL COURT         )
OF MASSACHUSETTS, ET AL.,      )
     Defendants.               )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                        August 31, 2004

On February 26, 2004 plaintiff Matthew Cobb, Esq., pro se, filed this federal case seeking a preliminary and permanent injunction against state judicial proceedings to review a Board of Bar Overseer's ("BBO") recommendation that he be disbarred. On April 30, 2004, Cobb filed a motion for preliminary injunction and a 77-page Verified Brief in support of it. On May 3, 2004, Cobb filed a Verified First Amended Complaint. On May 4, 2004, the defendants, the Supreme Judicial Court of Massachusetts (the "SJC") and its Justices in their official capacities, filed a motion to dismiss based on the abstention doctrine enunciated in Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

After a hearing on May 5, 2004, the court denied Cobb's motion to preliminarily enjoin the proceedings concerning him before a Single Justice of the SJC without prejudice to a renewed motion for preliminary injunction being filed after the Single Justice rendered his decision. The court deferred deciding the motion to dismiss.

On August 2, 2004, the Single Justice issued a decision that ordered Cobb's disbarment as of September 1, 2004. On August 9, 2004, Cobb filed a renewed motion for preliminary injunctive relief and responded to the motion to dismiss. The SJC opposed the request for an injunction and requested that the court decide its motion to dismiss. On August 26, 2004, Cobb filed a reply brief.

On August 27, 2004, the court conducted a lengthy hearing on the motions to dismiss and for preliminary injunction with a view to deciding them before Cobb's disbarment would become effective on September 1, 2004. At the conclusion of the hearing, the court took the motions under advisement after telling Cobb that, in order to avoid be prejudiced with regard to filing a timely appeal to the full SJC from the Single Justice's decision, he "should proceed on the assumption . . . that the motion to dismiss is going to be allowed and the motion for preliminary injunction is going to be denied." Aug. 27, 2004 Tr. at 50.

On August 30, 2004, at 4:35 p.m., Cobb filed a motion for leave to file a second amended complaint and a proposed second amended complaint. As Cobb recognizes, in the circumstances of this case, leave of court is required to file the proposed second amended complaint. See Fed. R. Civ. P. 15(a). While the court understands that "leave shall be freely given when justice so requires," id., this is not such a case.

Cobb has not certified that he consulted with defendants'

counsel before filing the motion as required by Rule 7.1(a)(2) of the Local Rules of the United States District Court of the District of Massachusetts. In any event, there is an urgent need to decide the pending motions and defendants could not reasonably be expected to respond to the proposed new complaint before September 1, 2004.

Moreover, there is no good cause for Cobb's delay in seeking to amend his complaint again. It is not claimed that the proposed second amended complaint is necessary to include allegations based on newly discovered evidence. Rather, it is an obvious effort to respond to issues raised at the August 27, 2004 hearing and to avert the dismissal of the case that the court stated was likely to be forthcoming. Moreover, as addressed in the Memorandum and Order granting the defendants' motion to dismiss, the proposed amendment appears to be futile. Therefore, Cobb's motion for leave to file a second amended complaint is not meritorious. See Foman v. Davis, 371 U.S. 178, 182 (1962)(a motion to amend may be denied because of undue delay and/or because the amendment would be futile); Kennedy v. Josephthal & Co., Inc., 814 F.2d 798, 806 (1st Cir. 1987) (a motion to amend may be denied when "the additional allegations contained no newly discovered evidence or facts of a different character that would change . . . [the] basic claims" and when the request to amend "could be viewed as an attempt to avoid an adverse ruling" on a motion that was under advisement.).

Accordingly, the August 30, 2004 Plaintiff's Fed. R. Civ. P.

15(d) Motion for Leave to File Second Amended Supplemental Complaint is hereby DENIED.

                                                  /s/ Mark L. Wolf
                                       UNITED STATES DISTRICT JUDGE