UNITED STATES COURT
DISTRICT OF MASSACHUSETTS

Matthew Cobb,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　) CIVIL ACTION
　　　Plaintiff,　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　) 04  10390  MLW
vs.　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　　)
Honorable Margaret H. Marshall, et al.,　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　　　 )

PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT,
TOGETHER WITH POINTS AND AUTHORITIES IN SUPPORT THEREOF

Now comes the Plaintiff, Matthew Cobb, and, pursuant to F.R.Civ.P. 59(e), respectfully Moves for this Court to alter or amend its Judgment of August 31st, 2004 in this matter. In support hereof, Cobb respectfully says that:

1)　This Rule is operable when a manifest error of Law has occurred. F.R.Civ.P. 59(e). Landrau-Romero v. Banco Popular de Puerto Rico, 212 F.3d 607, 612 (1st Cir. 2000).

2)　Cobb properly raised the below discussed *Middlesex, infra,* SJC responsibility legal issue with the Court prior to its Judgment of August 31, 2004, in his: Reply Brief to Defendants' Opposition to his (original) Motion for TRO at pp. 4-6; Reply Brief to Defendants' August 2004 Opposition to his renewed Motion for TRO at pp. 1-5, and in his Verified Brief in Support of his (initial) Motion for TRO at pp. 39 ¶ 1. This responsibility notion was also adequately

plead in the First Amended Complaint at ¶¶ 6, 8, 23, 75. This case was Dismissed on a liberal Rule 12 pleading standard.

3) It is beyond purview that in this Bar Discipline matter we must here apply Middlesex, infra, in working through the Younger Abstention analysis. That said, all proceedings before the BBO were "judicial", and this point is as a matter of Law. Since Younger's invocation required that the proceedings challenged be "judicial", Younger was applicable at any time the proceedings were challenged.

4) But if Middlesex is applicable in this sense, and also in the sense that the prosecutor who participated in Cobb's disbarment is cloaked with "judicial" absolute immunity from a civil jury action for damages, then we have no choice but to accept the stated premise of Middlesex, namely, that the SJC is at all times responsible for the BBO and OBC's doings, which doings were adequately pled as bad faith in the First Amended Complaint, ¶¶ 9, 20, 21, 22, 23, 30-35, 37, 38. As seen below, and according to the Supreme Court, the bad faith exception trumps any Younger third prong State argument that the SJC would afford Cobb an adequate forum for consideration of his federal rights raised herein, and, for purposes of this Motion only, Cobb hereby concedes the said third prong.

5)  Namely, the High Court has made Middlesex applicable to all State Bar disciplinary proceedings. Thus, what it said about New Jersey's said proceedings applies to the Mass. proceedings and this point can hardly be challenged. It said:

The New Jersey Supreme Court has made clear that filing a complaint with the local Ethics and Grievance Committee **"is in effect a filing with the Supreme Court . . . ."** Toft v. Ketchum, 18 N. J. 280, 284, 113 A. 2d 671, 674, cert. denied, 350 U.S. 887 (1955). "From the very beginning a disciplinary proceeding is judicial in nature, initiated by filing a complaint with an ethics and grievance committee." n12 18 N. J., at 284, 113 A. 2d, at 674. It is clear beyond doubt that the New Jersey Supreme Court considers its bar disciplinary proceedings as "judicial in nature." n13. As such, the proceedings are of a character to warrant federal-court deference. The remaining inquiries are whether important state interests are implicated so as to warrant federal-court abstention and whether the federal plaintiff has an adequate opportunity to present the federal challenge.

N. 11 - See M. Shoaf, State Disciplinary Enforcement Systems Structural Survey (ABA National Center for Professional Responsibility 1980).

The New Jersey **allocation of responsibility** is consistent with § 2.1 of the ABA Standards for Lawyer Discipline and Disability Proceedings (Proposed Draft 1978), which states that the **"[ultimate] and exclusive responsibility within a state for the structure and administration of the lawyer discipline and disability system and the disposition of individual cases is within the inherent power of the highest court of the state."**

  **The rationale for vesting responsibility with the judiciary** is that the practice of law "is so directly connected and bound up with the exercise of judicial power and the administration of justice that the right to define and regulate it naturally and logically belongs to the judicial department." Id., commentary to § 2.1.

<u>Middlesex Co. Ethics Committee v. Garden State Bar</u>

Association, 457 U.S. 423, 433-34 (1982), FN 11.

6) And while the Court was certainly there addressing Younger's third prong, it went on to discuss the here controlling Younger exceptions, for which the Middlesex Plaintiff never even challenged. See id., at 437 (that respondent did not challenge finding of no bad faith, etc.).

7) So the Younger Abstention Exception here is controlling, and is not in any way affected by this Court's view (not challenged by this motion) on Younger's third prong. Namely, at p. 435, the High Court held:

So long as the constitutional claims of respondents can be determined in the state proceedings [i.e., third prong] **and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate [i.e., exceptions]**, the federal courts should abstain. Id., at 435.

8) As such, the Supreme Court premised Middlesex on the fact that the State High Court's are responsible for their respective Bar entity "administrative" doings in all lawyer disciplinary proceedings in these United States of America. As such, under Rule 12, this claim was adequately plead and this Court respectfully should re-instate the case on this basis alone.

Wherefore, Cobb respectfully asks that this Motion be Allowed.

Respectfully submitted,

*/s/ Matthew Cobb*
Matthew Cobb
P.O. Box 2093
Acton, Massachusetts  01720
(617) 357-7300 or (978) 985-7523.

L.R. 7.1

I did this day attempt to contact Mr. Hitt, attorney for the government, to discuss this Motion.

*/s/ Matthew Cobb*  9/1/04
Matthew Cobb

*Served via US Mail to [Hitt] 9/1/04.*